IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLENE SPINKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2568 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BOBBIE J. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2569 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING NOVASTAR MORTGAGE, INC.'S MOTION TO COMPEL
DISCOVERY FOR ITS SECOND SET OF DOCUMENT REQUESTS AND
INTERROGATORIES AND DENYING NOVASTAR'S MOTION FOR SANCTIONS

Before the court is defendant NovaStar Mortgage, Inc.'s (NovaStar) Motion to Compel Discovery, filed on January 14, 2005 (Spinks-NovaStar dkt #189, Carr-NovaStar dkt #263). Plaintiffs Charlene Spinks and Bobbie Carr responded on February 15, 2005. NovaStar filed a reply, with leave of court, on March 1. On March 3, 2005, the court held a hearing on this motion. Counsel for all interested parties were present and heard. For the reasons below,

the motion to compel is GRANTED. NovaStar's motion for attorney's fees is DENIED.

## I. BACKGROUND

On November 9, 2004, NovaStar served its Second Set of Document Requests and Interrogatories ("Second Set") on plaintiffs Spinks and Carr. The Second Set sought discovery relating to plaintiffs' damages and household income. Plaintiffs responded to the Second Set of discovery on December 13, 2004, objecting to the discovery requests because, among other objections, the number of interrogatories exceed the total number of interrogatories allowed under Fed. R. Civ. P. 33 and the documents sought are not relevant and unduly burdensome for plaintiffs to produce.

In this motion and in its reply, NovaStar seeks an order compelling Spinks to produce documents responsive to Requests 18, 22, and 23, and provide responsive answers to interrogatories 21, 25, 26, and 27 of NovaStar's Second Set of discovery. Similarly, NovaStar seeks an order compelling Carr to produce documents responsive to Requests 18 through 22, and provide responsive answers to interrogatories 22, 26, 27, and 28.

## II. ANALYSIS

### A. Waiver of Objections

As an initial matter, NovaStar argues that the plaintiffs have waived all objections because they served their discovery responses late. NovaStar served the plaintiffs with the Second Set of discovery requests on November 9, 2004 via hand delivery. Although

2

under the federal rules the plaintiffs had thirty days to answer the interrogatories and document requests, they did not respond until December 13. Plaintiffs assert that they saw the date of November 9 on the discovery requests, added three days for service by mail, and calendared their response to be due on Monday, December 13.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" Carfango v. Jackson Nat'l Life Ins. Co., No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb 13, 2001)(unpublished). Nevertheless, "courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." Id. After considering these factors, the court finds that the plaintiffs have provided a sufficient explanation for the delayed response, that the delay in responding to these discovery requests was, at most, minimal, and such delay caused no prejudice to NovaStar. Therefore, the court concludes the plaintiffs did not waive their objections by serving their responses on December 13.

**B. Interrogatories**

With respect to interrogatory numbers 21, 25, 26 and 27 in Spinks and numbers 22, 26, 27, and 28 in Carr, the plaintiffs objected to each, arguing that these interrogatories exceed the

limit of twenty-five interrogatories under Rule 33(a). Plaintiffs claim that several interrogatories contained in NovaStar's first set of interrogatories had discrete subparts that counted toward the limit. NovaStar argues that these objections have been waived, the interrogatories do not have impermissible subparts, and that any such problems have now been corrected by their more limited request.[1]

The Advisory Committee Notes to Rule 33 describes what constitutes a "discrete subpart":

> Parties cannot evade this presumptive limitation [of twenty-five interrogatories] through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication.

Fed.R.Civ.P. 33 (1993 Committee Notes).

"A subpart is discrete when it is logically or factually independent of the question posed by the basic interrogatory." Power and Tel. Supply Co., Inc. v. Suntrust Banks, Inc., No. 03-2217M1V, 2004 WL 784533, at *1 (W.D. Tenn. Mar. 15, 2004)(unpublished)(quoting Security Ins. Co. of Hartford v. Trustmark Insurance Co., No. Civ. 3:01CV2198(PCD), 2003 WL 22326563, at *1 (D. Conn. March 7, 2003)); see also Safeco of Am. v. Rawstron, 181 F.R.D. 441, 444-45 (C.D. Cal. 1998); Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685 (D. Nev. 1997).

---

[1] NovaStar added Spinks Interrogatory No. 25 and Carr Int. No. 26 in its reply.

4

Thus, an interrogatory containing subparts aimed at eliciting details concerning a single theme should be considered one question, while an interrogatory with subparts inquiring into discrete areas should be counted as more than one. 8A Charles Alan Wright et al., Federal Practice and Procedure § 2168.1 (2d ed. 1994).

After reviewing the interrogatories, the court concludes that the plaintiffs' contention that there are discrete subparts within these interrogatories is incorrect. The interrogatories appear to merely track the language of the plaintiffs' amended complaint, and essentially ask the plaintiffs for the basis for their allegations in specific paragraphs of the complaint. Therefore, NovaStar's motion is GRANTED with respect to these interrogatories. Plaintiffs shall respond fully to these interrogatories by May 31, 2005.

C. Document Requests

1. Spinks and Carr Document Request No. 18

NovaStar argues that the plaintiffs' responses to Document Request 18 are improper because they fail to describe the responsive documents with sufficient particularity. Request number 18 and the plaintiffs' response read as follows:

> Request No. 18: Produce all documents that contain information about any damage you contend was caused by any defendant that is related in any way to the assertions in the Complaint.
>
> Response: Plaintiff has produced all documents in her possession as part of her Rule 26(a) disclosures. Additionally documents may be found in defendants'

5

disclosures and responses to document requests, specifically, documents from Memphis Financial Services/ Home Tech, NovaStar, Equity Title and Escrow and Gregg Drew.

NovaStar contends that the plaintiffs should be compelled to identify the documents with enough particularity so as to allow NovaStar to ascertain which previously produced documents are responsive to this particular request. NovaStar cites cases to support the proposition that Rule 34(b) requires the responding party to organize and label the documents that are produced and that identification will further one of the purposes of the 1980 amendment, which was to forestall such abuses as the deliberate mixing of critical documents with others in the hope of obscuring significance. Plaintiffs respond by quoting Rule 34(b) and argue that they have complied with the rule because it allows for production of documents as they are kept in the usual course of business, and that the documents produced by the other defendants mentioned in the plaintiffs' response were "presumably" kept in the usual course of business.

In <u>Allianz Ins. Co. v. Surface Specialties, Inc.</u>, No. 03-2470, 2005 WL 44534, at 2-3 (D. Kan. Jan. 7, 2005) (unpublished), the court stated:

> The . . . issue raised by Defendant is whether Plaintiff's statement that "documents responsive to this request have been produced previously as part of [Plaintiff's] Fed.R.Civ.P. 26 disclosures" constitutes a sufficient and appropriate response to Defendant's requests for production. Defendant asserts that Plaintiff is not allowed to refer to previously produced or identified documents in lieu of providing specific identification of the documents corresponding to the

6

specific request. Instead, Defendant argues that Plaintiff must either produce the documents or identify documents in a manner that permits Defendant to determine which documents respond to the individual requests. Plaintiff maintains that its discovery response stating the requested information was previously provided as part of its Rule 26 disclosures fulfills its obligation without the necessity of duplicating previous disclosures.

Federal Rule of Civil Procedure 34(b) generally governs requests for production of documents and things. It provides that a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Applying this rule, the court has held that absent some indication the requested documents were produced as they are kept in the usual course of business, the party responding to the requests is required to identify the particular documents or to organize and label them to correspond to the requests. Epling v. UCB Films, Inc., Nos. 98-4226, 98-4227, 2000 WL 1466216, at *17 (D. Kan. Aug. 7, 2000).

The Court agrees with Defendant that Plaintiff's response that "documents responsive to this request have been produced previously as part of [Plaintiff's] Fed.R.Civ.P. 26 disclosures" does not comply with Rule 34(b). As there is no indication the requested documents were produced as they are kept in the usual course of business, Plaintiff is required to identify the particular documents or to organize and label them to correspond to each request.

Allianz Ins., 2005 WL 44534, at 2-3.

Similarly, in Burton Mech. Contractors, Inc. v. Foreman, 148 F.R.D. 230 (N.D. Ind. 1992), the defendant was requested to identify a category of documents, and he responded by referring plaintiffs to "documents previously produced bearing Bates Nos. D000001 through D000728." Id. at 232. The court ruled that the defendant had to specifically identify which of these documents were responsive to the discovery request.

7

As was the case in <u>Allianz</u> and <u>Foreman</u>, Plaintiffs' response that NovaStar can find the responsive documents in the plaintiffs' as well as other defendants' Rule 26(a)(1) disclosures is insufficient. Moreover, the plaintiffs can only assume that documents produced by other defendants and a non-party in response to plaintiffs' discovery requests were, in fact, produced as they were kept in the usual course of business. See Plaintiffs' response at 9 ("documents provided by other defendants and referenced by Plaintiff in her response were *presumably* produced in the manner they were kept in the usual course of business.") (emphasis added). Finally, the plaintiffs' reference to documents produced by other parties and non-parties refers generically to "disclosures and responses to document requests, specifically, documents from [other defendants and a non-party]." NovaStar cannot discern from this response which of the documents previously produced relate to this particular interrogatory. Presumably, the previously produced documents relate to many other subject matters other than the plaintiffs' damages.

Therefore, the plaintiffs are ordered to respond to interrogatory number 18 by no later than May 31, 2005, and shall organize, label, or otherwise identify with specificity which documents are responsive to this interrogatory.[2]

---

[2] Plaintiffs state on page 8 of their response that "[i]n essence, NovaStar wants Plaintiff to identify documents she will use as exhibits at trial." This contention is simply incorrect. The document request asks for documents that relate to plaintiffs' damages. Whether or not the plaintiffs intend to use

8

2. <u>Carr Document Request Nos. 19 and 20</u>[3]

Document Request Nos. 19 and 20 directed at Carr relate to her household income. NovaStar argues that because Carr has put her ability to pay at issue in the case, NovaStar should be allowed to discover information regarding her household income.

Request No. 19 in <u>Carr</u> asks for all documents from depository institutions with whom Carr did business from 2000 through 2002 that contain the amount or date of any deposit. NovaStar would also accept a signed consent form to send to the institutions. Plaintiffs object, arguing that these documents are not relevant and that production is unduly burdensome. Carr is willing to produce bank statements from January 1, 2002 to March 1, 2002.

Request No. 20 in <u>Carr</u> demands all documents that Carr submitted to the IRS from 2000 through 2002 that would show any portion of her income. NovaStar is also willing to accept a signed consent form to obtain the records. Carr objects to the request, arguing that it is not relevant to the action and would be unduly burdensome to produce, but she is willing to produce her 2001 tax return.

On March 1, 2005, this court entered an order that dealt with a substantially similar issue. <u>See</u> Order Denying Plaintiffs' Motion to Quash World Wide Mortgage Subpoena. For the same reasons

---

any of these documents at trial – and if so, which ones – is a completely separate matter.

[3] According to its reply, NovaStar states that Document Requests 19 and 20 are no longer at issue in the <u>Spinks</u> case.

9

set forth in the court's March 1 order, NovaStar's request for financial records and IRS tax return records is GRANTED. Carr shall produce her bank records for the period from January 1, 2000 to the date that her loan closed. Carr shall also produce her IRS tax returns for the years 2000, 2001, and 2002. If she does not have these documents in her possession, she must execute such consent forms that are necessary for NovaStar to obtain these records from third parties. The documents shall be produced, or consent forms must be executed, by May 31, 2005.

3. <u>Spinks Document Request Nos. 22 and 23</u>
   <u>Carr Document Request Nos. 21 and 22</u>

These requests ask for all documents that are identified in the plaintiffs' responses to interrogatory numbers 22, 26, 27 and 28 in <u>Carr</u> and numbers 21, 25, 26, and 27 in <u>Spinks</u>. Plaintiffs objected to producing any of these supporting documents based on their objection to the number of interrogatories. However, based on the court's ruling above ordering the plaintiffs to respond to these interrogatories, Spinks and Carr shall therefore produce documents identified in their interrogatory responses by May 31, 2005.

### III. CONCLUSION

For the reasons above, NovaStar's motion to compel is GRANTED. Plaintiffs shall respond to the discovery requests, as set forth in this order, by May 31, 2005.

NovaStar's request for attorney's fees, costs and expenses is DENIED.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

5/23/05
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 342 in case 2:03-CV-02569 was distributed by fax, mail, or direct printing on May 25, 2005 to the parties listed.

---

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

John L. Ryder
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Christopher S. Campbell
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Roscoe Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT