IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **BOBBIE J. CARR,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-2569 |
| **HOME TECH SERVICES CO. INC, et al.,** | ) |
| Defendants. | ) |

## ORDER DENYING THE MOTION OF ECONOMIC ADVANTAGES CORPORATION TO DISMISS AMENDED COMPLAINT

Defendant, Economic Advantages Corporation ("Defendant") has filed a motion (dkt. # 156) under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's predatory lending claims because of the preclusive effect of Plaintiff's Chapter 13 Bankruptcy proceedings. For the reasons stated herein, the Court finds that Plaintiff's Chapter 13 Bankruptcy proceedings do not preclude this cause of action, and **DENIES** Defendant's motion. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### I. FACTUAL AND PROCEDURAL HISTORY

In 2002, Bobbie Carr ("Plaintiff") applied for a home improvement loan. Plaintiff enlisted in Defendant's biweekly payment plan ("bwp") to facilitate repayment of her loan at the advice of her mortgage broker. However, neither the broker nor Economic Advantages disclosed the $500.00 fee for this plan. When Plaintiff attempted to cancel the bwp service, Economic Advantages requested another $500.00 to discontinue her plan.

On August 1, 2003, Plaintiff filed the instant predatory lending action against Economic

Advantages and other participants in her loan process including her loan broker and primary lender. Two months later, on October 7, 2003, Plaintiff filed a Chapter 13 Bankruptcy petition in the Bankruptcy Court for the Western District of Tennessee. Plaintiff did not list this cause of action on her bankruptcy schedule of assets. On July 15, 2004, Economic Advantages filed this motion to dismiss Plaintiff's predatory lending claims in this Court because of her Chapter 13 Bankruptcy proceedings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted. Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when no set of facts exists which would entitle the plaintiff to recover. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Res., 902 F.2d 474, 475 (6th Cir. 1990), cert. denied, 498 U.S. 867 (1990). If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991).

2

A district court may not grant a defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss based on its disbelief of the plaintiff's factual allegations. In Re Sofamor Danek Group, Inc., 123 F.3d 394 (6th Cir. 1997), cert. denied, Murphy v. Sofamor Danek Group, Inc., 523 U.S. 1106 (1998). It is not the court's function to weigh evidence or evaluate the credibility of witnesses. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). A court will not consider any disputed questions of fact at this stage. Barnes v. Winchell, 105 F.3d 1111, 1114 (6th Cir. 1997). Rather, the court should accept all well-pleaded facts as true and not consider matters outside the pleadings. Hammond, 866 F.2d at 175. The United States Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis, 135 F.3d at 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. ANALYSIS

Defendant moves to dismiss Plaintiff's predatory lending action based on confirmation of the debtor's Chapter 13 Bankruptcy plan under the doctrines of standing, judicial estoppel, and *res judicata*. 11 U.S.C. § 1301 *et seq*. The Court will address each doctrine separately.

### A. Standing

Defendant first contends that this Court should dismiss Plaintiff's case because this action is a part of the Plaintiff's bankruptcy estate and therefore the bankruptcy trustee, not Plaintiff, has

3

standing to bring the claim. 11 U.S.C. § 541(a) states in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all of the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests of the debtor* in the property as of the commencement of the case.

11 U.S.C. § 541(a) (emphasis added). Section 541 therefore vests legal claims in the bankruptcy estate. Accordingly, the right to pursue the estate's legal claims is the exclusive province of the bankruptcy trustee, and the debtor no longer has standing to pursue the claims of the estate. Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir. 1988).

However, a debtor can reclaim standing to personally pursue an action if the bankruptcy trustee abandons the claim or the bankruptcy court orders the claim abandoned. 11 U.S.C. § 554 states in relevant part:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554. On January 13, 2005, after notice and a hearing, the bankruptcy court entered an order granting Plaintiff's application to employ counsel for this case. *In re* Bobbie J. Carr, No. 03-37257, Order on Den. Def.'s Mot. [hereinafter "January 13, 2005 Order"] (Bankr. W.D. Tenn. 2005). In the Order, the bankruptcy court noted that the Chapter 13 trustee and creditors appeared to support Plaintiff's application to pursue this claim. Specifically, the bankruptcy court stated:

> At the time of the initial hearing on Debtor's application, *the court was not convinced that the Debtor should be prevented from pursuing a cause of action of potential value to the estate*, especially in light of the fact that it was not a creditor of the bankruptcy estate urging this result, but rather a defendant in the pending litigation. For the reasons stated in the final section of this opinion, the court remains convinced that its initial intuition was correct.

4

Id. at 6. Throughout the Order, the bankruptcy court articulated the trustee's, Plaintiff's creditors, and its own support of Plaintiff's personal pursuit of her predatory lending claims in this Court. Id. Although the bankruptcy court's order was issued on a motion to appoint counsel, it is sufficiently clear that the trustee intended to authorize Plaintiff to pursue claims involved in this case and the bankruptcy court intended its order to encompass adopting the trustee's position. Therefore, because the bankruptcy court issued an order allowing the Plaintiff to pursue these claims after the procedural requirements of notice and a hearing, Plaintiff has standing to pursue the cause of action filed in this Court.

### B. Judicial Estoppel

Defendant next argues that Plaintiff's bankruptcy proceedings bar this action under the doctrine of judicial estoppel because she did not disclose the existence of her predatory lending claims in her schedule of assets. Judicial estoppel is an equitable remedy that precludes a party from asserting a position contrary to one that the party asserted under oath in a prior proceeding, where the court adopted the contrary position. New Hampshire v. Maine, 532 U.S. 742 (2001). In New Hampshire, the Supreme Court also set out three factors courts should consider in deciding whether to apply judicial estoppel:

> (1) the party's later position must be clearly inconsistent with its earlier position; (2) the party must have succeeded in persuading a court to accept its prior position, suggesting that either the first or the second court was misled; and (3) there must be the potential for the party to derive an unfair advantage on the opposing party if not estopped.

*In re* Bobbie J. Carr, No. 03-37257, January 13, 2005 Order at 8 (citing New Hampshire, 532 U.S. 742). The order issued in Plaintiff's bankruptcy case also addressed the issue of judicial estoppel. The bankruptcy court held that judicial estoppel is inapplicable in Plaintiff's case stating:

> First, the Debtor's present position is not "clearly consistent" with her prior position. The omission of an asset is not equivalent to a denial that the asset exists. Second, the Debtor did not attempt to persuade this court that the Civil Action [Plaintiff's

5

> action in this Court] does not exist. Third, the Debtor did not attempt to gain any advantage over [Economic Advantages' Co-Defendants] by failing to list the Civil Action in her bankruptcy schedules.

*In re* Bobbie J. Carr, No. 03-37257, January 13, 2005 Order at 8. The bankruptcy court further opined that judicial estoppel is inappropriate when the debtor lacks motive for concealment. Id. (citing Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 899 (6th Cir. 2004)). In the instant case, the bankruptcy court found that Plaintiff's omission of her predatory lending claims were the result of inadvertence, and not an intentional attempt to conceal. The court stated:

> an unsophisticated debtor may not fully understand what information is being requested or may lack adequate assistance from counsel in completing the required forms. . . . [t]he court is not surprised that this Debtor did not consider the Civil Action an asset or did not think to list it in her schedules. . . . *This does not indicate a lack of candor but a lack of understanding.*

*In re* Bobbie J. Carr, No. 03-37257, January 13, 2005 Order at 7, 9 (emphasis added). This Court respects the bankruptcy court's judgment that Plaintiff had no motive for her omissions and that the mistake in her schedule was a result of inadvertent error and not intentional concealment. Therefore, because Plaintiff had no motive to conceal this action and the omission was inadvertent, Defendant's motion for dismissal under judicial estoppel is denied.

### C. *Res Judicata*

Defendant finally contends that Plaintiff's claims are barred by *res judicata*. *Res judicata* prevents parties from relitigating issues that were raised or could have been raised in previous proceedings. Browning v. Levy, 283 F.3d 761, 772 (6th Cir. 2002). Economic Advantages claims that Plaintiff could have raised her predatory lending claims during her bankruptcy proceedings. For courts to apply *res judicata* it is necessary that the parties in the subsequent action are the same or in privity with the parties involved in the previous litigation. Id. In this case, Defendant is not a party to Plaintiff's bankruptcy case, neither is Defendant in privity with the parties to Plaintiff's bankruptcy case. Defendant is not a creditor in Plaintiff's Chapter 13 Bankruptcy estate nor in

6

privity with any of Plaintiff's creditors. <u>See</u> *In re* Bobbie J. Carr, No. 03-37257, January 13, 2005 Order at 10 (stating *res judicata* does not bar this action). Furthermore, each of the parties to the bankruptcy proceeding, Plaintiff and her creditors, support this predatory lending action. <u>Id.</u> at 4. Because Economic Advantages is not a party to Plaintiff's bankruptcy case, the doctrine or *res judicata* is inapplicable. Accordingly, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

The Court finds that Defendant has failed to show that Plaintiff's predatory lending claims Court are precluded by her Chapter 13 Bankruptcy proceeding under the standing, judicial estoppel, or *res judicata* doctrines. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

IT IS SO ORDERED this 12th day of October 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 393 in case 2:03-CV-02569 was distributed by fax, mail, or direct printing on October 13, 2005 to the parties listed.

---

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Christopher S. Campbell
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John L. Ryder
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Roscoe Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Mary Katherine Hovious  
BASS BERRY & SIMS PLC- Memphis  
100 Peabody Place  
Ste. 900  
Memphis, TN 38103  

Honorable Bernice Donald  
US DISTRICT COURT